In re **BESTLINE PRODUCTS SECURITIES AND ANTITRUST LITIGATION.**

No. 162.

Judicial Panel on Multidistrict Litigation.
April 29, 1974.

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation consists of nine actions in eight different districts involving an alleged multilevel marketing system for biodegradable cleaning products operated by Bestline Products, Inc. Plaintiffs in seven of the actions are disgruntled former Bestline distributors who allege common law fraud and violations of federal securities and antitrust laws by Bestline, its former directors and agents. The other two actions, both filed in the Northern District of California, appear to be only marginally related to the seven general securities and antitrust actions. Common defendant Bestline originally moved the Panel for transfer of all the actions to the Southern District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Bestline has since withdrawn its support for transfer of the California actions. Plaintiffs in actions filed in Wisconsin and Louisiana, however, oppose transfer of their respective actions. We find that all the actions, except the two actions pending in the Northern District of California, contain common questions of fact and that their transfer to the Southern District of Florida will be for the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

█ We agree with the parties that the *Forsland* and *Anspach* actions in the Northern District of California bear no significant factual relationship to the other actions. The *Forsland* action is a purely contractual dispute between Bestline and a former distributor; and the *Anspach* action involves a dispute concerning the terms of an alleged agreement under which plaintiff Anspach manufactured some of Bestline's products in Mexico. Since these two actions stand factually isolated, no purpose would be served by transferring them under Section 1407 for coordinated or consolidated pretrial proceedings with the general securities and antitrust actions.

█ The parties opposing transfer of their actions to the Southern District of Florida assert that because of the varying scope of each plaintiff's allegations, there are not sufficient common questions of fact to warrant transfer under Section 1407. They also contend that some of the actions do not involve the types of complexities for which Section 1407 procedures were designed. We do not agree. The wide-ranging legal contentions in all the actions present common questions of fact concerning the alleged pyramidal recruiting and marketing techniques of Bestline. And four of the actions contain similar Rule 23 class allegations on behalf of nationwide groups of Bestline distributors. Therefore, transfer of these actions to a single district will prevent duplicative discovery and avoid the possibility of inconsistent

---

[*] Judge Murrah was unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.

class determinations by the transferor courts.

The Southern District of Florida is the most appropriate transferee district. Discovery in the action pending there has progressed further than discovery in any of the other actions, and a great number of relevant documents are located in Miami.

It is therefore ordered that transfer of the actions entitled Paul Anspach v. Bestline Products, Inc., et al., N.D.Cal., Civil Action No. C–73–1282–RFP and Dorothy Forsland v. Bestline Products, Inc., N.D.Cal., Civil Action No. C–73–775–ACW, listed on Schedule A, is denied.

It is further ordered that the remaining actions listed on Schedule A pending in districts other than the Southern District of Florida be, and the same hereby are, transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the action already pending in that district and listed on Schedule A.

## SCHEDULE A

### Eastern District of Wisconsin

| | |
|---|---|
| Phillip Ammerman, et al. v. Bestline Products, Inc. | Civil Action No. 70–C–448 |

### Northern District of California

| | |
|---|---|
| Paul Anspach v. Bestline Products, Inc., et al. | Civil Action No. C–73–1282–RFP |
| Dorothy Forsland v. Bestline Products, Inc. | Civil Action No. C–73–775–ACW |

### Eastern District of Louisiana

| | |
|---|---|
| Francis A. Bienvenue, et al. v. Bestline Products, Inc., et al. | Civil Action No. 73–2779 |

### Southern District of New York

| | |
|---|---|
| Peter Marion, et al. v. Bestline Products, Inc., et al. | Civil Action No. 73 Civ. 4533 |

### Western District of Wisconsin

| | |
|---|---|
| Henry S. Kjentvet, et al. v. Bestline Products, Inc., et al. | Civil Action No. 73–C–276 |

### Eastern District of New York

| | |
|---|---|
| Samuel Tisser v. Bestline Products, Inc. | Civil Action No. 73–C–914 |

### Middle District of Tennessee

| | |
|---|---|
| Gene Whittenburg, et al. v. Bestline Products Co., Inc., et al. | Civil Action No. 7014 |

### Southern District of Florida

| | |
|---|---|
| Peter Piambino, et al. v. William E. Bailey, et al. | Civil Action No. 73–1230–Civ |