**In re BESTLINE PRODUCTS SECURI-TIES & ANTITRUST LITIGATION.**

*Vivian L. Black v. Bestline Products, Inc.,*
W.D. Tex., Civil Action
No. A–74–CA–69

*Jeff Eastman v. Bestline Products, Inc.,*
W.D. Tex., Civil Action
No. A–75–CA–51

*Toni Hollingsworth v. Bestline Products,*
*Inc.,* W.D. Tex., Civil Action
No. A–75–CA–52

*Earl Schwettmann v. Bestline Products,*
*Inc.,* W.D. Tex., Civil Action
No. A–75–CA–63

**No. 162.**

Judicial Panel on Multidistrict Litigation.

Nov. 14, 1975.

## OPINION AND ORDER

PER CURIAM.

The Panel has previously transferred all actions in this litigation to the Southern District of Florida and, with the consent of that court, assigned them to the Honorable James Lawrence King for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Defendant Bestline Products, Inc. now moves the Panel for an order transferring the above-captioned actions to the Southern District of Florida for centralized pretrial processing with the litigation currently pending there. All plaintiffs oppose transfer.

We find that these tag-along actions involve questions of fact common to the actions previously transferred to the Southern District of Florida and that their transfer to that district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

---

* Judge Murrah took no part in the consideration or decision of this matter.

1. *In re Bestline Products Securities & Antitrust Litigation*, 375 F.Supp. 926 (Jud.Pan. Mult.Lit.1974).

Plaintiffs in all four actions are disgruntled former Bestline distributors who allege that Bestline committed various violations in connection with its multilevel marketing system for biodegradable cleaning agents. Specifically, the plaintiff in *Black* charges defendant with violations of Section 12 of the Securities Act of 1933, while plaintiffs in *Hollingsworth, Eastman* and *Schwettmann* allege violations of common law fraud and the Texas Deceptive Trade Practices Act.

Plaintiffs argue that transfer is inappropriate because the Texas state law claims asserted in three of these four actions are not involved in the Florida litigation. We disagree.

Although three of the Texas actions raise legal theories not presently before the transferee court, all four of these tag-along actions clearly share common factual issues with the Florida litigation concerning the nature and operation of Bestline's marketing program. This commonality of factual questions underlies all legal theories alleged in the four actions before us. Thus, transfer will prevent duplication of discovery and eliminate the possibility of inconsistent pretrial rulings. And any unique questions relating to Texas state law can easily be decided by the transferee judge in the course of the proceedings.

Moreover, inasmuch as discovery in the previously transferred actions has progressed to a considerable degree, procedures are available whereby such discovery can be utilized by the parties in these four actions and, as a result, they will no doubt experience savings of time, effort and expenses. *See Manual for Complex Litigation*, Parts I and II, § 3.11 (rev. ed. 1973).

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the above-captioned actions be, and the same hereby are, transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.

